# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | |
|---|---|
| OTIS E. WINDHAM, #10746 | PETITIONER |
| v. | CIVIL ACTION NO. 2:11-cv-210-KS-MTP |
| JACQUELYN BANKS | RESPONDENT |

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Respondent's Motion to Dismiss for Failure to State a Claim, or, in the Alternative as Procedurally Barred [12]. Having considered the submissions of the parties, the entire record in this matter, and the applicable law, the undersigned is of the opinion that the motion should be granted and the Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed without prejudice.

## FACTUAL BACKGROUND

*Pro se* petitioner Otis E. Windham was convicted of possession of a controlled substance and possession of cocaine in Forrest County, Mississippi, and is tentatively scheduled to be released in 2025.[1] He is currently incarcerated in the Wilkinson County Correctional Facility.[2] Petitioner received a Rule Violation Report ("RVR"), No. 976259, on May 2, 2011, for possession of cell phones. He was found guilty of the RVR after a disciplinary hearing conducted on May 4, 2011. As a result, he lost his trusty status for 180 days, was placed in isolation for 10 days, and lost his telephone and visitation privileges for 30 days. *See* Petition [1]

---

[1] Information available at: http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=10746 (last visited July 9, 2012).

[2] Respondent Jacquelyn Banks served as the warden of WCCF; she has since been replaced by Raymond Byd. *See* http://www.mdoc.state.ms.us/Five%20Private%20Prisons.htm (last visited July 9, 2012).

at 1; RVR [12-1] at 5.

Petitioner appealed the RVR through the Administrative Remedy Program ("ARP") but was denied relief. *See* Response to Order [8]; Ex. A to Motion [12-1].

Petitioner filed the instant federal habeas petition on October 17, 2011, seeking the return of his 180 days of trusty time.[3] *See* Petition [1]; Response [8]. The Respondent has moved to dismiss the petition based on Petitioner's failure to state a claim and, alternatively, for his failure to exhaust his state remedies. Petitioner did not respond to the motion despite an Order [13] from the court directing him to do so.

## ANALYSIS

As Petitioner's habeas petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), the AEDPA and case law interpreting it provide the standards under which the petition must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003).

Exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>       . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under

---

[3]Petitioner also originally sought monetary damages, which are unavailable in a petition for habeas corpus. *See* Order [7].

the law of the State to raise, by any available procedure, the question presented.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Gatlin v. MDOC Records Dep't*, No. 5:07-cv-154-DCB-MTP, 2007 WL 2712070, at *1–2 (S.D. Miss. Sept. 14, 2007) (stating that plaintiff was required to exhaust his available state remedies before pursuing claim that defendants refused to correct his meritorious earned time and his trusty time through habeas corpus in federal court). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the state's highest court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement.

The court agrees with Respondent that Petitioner's claim is unexhausted. Petitioner completed the ARP process on or about August 22, 2011.[4] If a petitioner is dissatisfied with the ARP's decision, the proper procedure is to appeal the ARP's decision to the appropriate circuit court (in the county where he is incarcerated or where the alleged wrongful act or omission

---

[4]Effective September 19, 2010, the ARP process was changed from a three-step process to a two-step appeal process. *See Gates v. Barbour*, No. 4:71cv6–JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10–CV–378–TSL–MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011).

occurred)[5] and, ultimately, the Mississippi Supreme Court.  *See* Miss. Code Ann. § 47-5-807 ("Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision."); *see also Evans v. Caskey,* No. 3:10cv196-DPJ-FKB, 2010 WL 4392562, at * 1-*2 (S.D. Miss. Oct. 29, 2010) (dismissing petitioner's petition seeking earned time credit for failure to exhaust state court remedies); *Bradley v. Byrd*, No. 1:08CV1440HSO-JMR, 2009 WL 2606241, at *3 (S.D. Miss. Aug. 19, 2009) (holding that petitioner failed to submit his claim that he was entitled to earned time credit before the Mississippi Supreme Court and therefore failed to exhaust his available state court remedies); *Davis v. Caskey*, No. 1:07cv1253-LG-RHW, 2008 WL 5117547, at *2 (S.D. Miss. Nov. 20, 2008) (stating that because petitioner "failed to fulfill his administrative remedies and did not seek review of [his claim that the MDOC failed to give him credit for time served] in state court, he has failed to exhaust his state remedies and is therefore procedurally barred from pursuing his claim in federal court").  In his own pleadings, Petitioner admits not having sought relief through the state courts.  *See* Response [6].

Based on the foregoing, Petitioner has not "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845; *see also* 28 U.S.C.§ 2254(c) (stating that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").

---

[5]*See Horton v. Epps*, 966 So. 2d 839, 841 (Miss. Ct. App. 2007).

While courts have discretion under certain limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies, a stay is not appropriate unless there is good cause shown for the failure to exhaust, the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has made no showing of good cause for his failure to exhaust his state court remedies; indeed, he did not even respond to Respondent's Motion. Moreover, it appears his unexhausted claims may be without merit.[6] Accordingly, a stay is inappropriate under the three-part test articulated in *Rhines*.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondent's Motion to Dismiss [12] for Petitioner's failure to exhaust should be granted and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

---

[6]*See, e.g., Dukes v. Epps*, No. 2:11cv91-P-S, 2001 WL 4047335, at *2 (N.D. Miss. Sept. 12, 2011) (dismissing petition for failure to state a claim, reasoning that petitioner had no protected liberty interest in "trusty time"); *Bradley v. Byrd*, No. 1:08CV1440HSO-JMR, 2009 WL 2606241, at *2 (S.D. Miss. Aug. 19, 2009) (dismissing petitioner's Section 2254 petition for failure to state a claim and failure to exhaust, reasoning that the "decision whether to award earned time to offenders is left to the discretion of the prison officials, and therefore, the statute affords a prisoner no constitutionally recognized liberty interest"); *Ross v. State*, 584 So. 2d 777, 780 (Miss. 1991) (rejecting inmate's contention that the failure to award him meritorious earned time was violative of his federal and state constitutional rights).

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 10th day of July, 2012.

s/Michael T. Parker
United States Magistrate Judge