IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**OTIS E. WINDHAM, #10746**                                              **PETITIONER**

**v.**                                              **CIVIL ACTION NO.: 2:11cv210-KS-MTP**

**JACQUELYN BANKS**                                              **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the *pro se* Petition for Writ of Habeas Corpus of Otis E. Windham pursuant to 28 U.S.C. § 2254 [1] and the Respondent's Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted, or, in the Alternative, as Procedurally Barred [12]. The Court considered the same and other pleadings, pertinent law, the Report and Recommendation filed on July 10, 2012 by United States Magistrate Judge Michael T. Parker [16], and the Respondent's limited objection to the Magistrate Judge's Report and Recommendation [18]. The Petitioner's claims are **dismissed with prejudice**.

PROCEDURAL HISTORY

*Pro se* Petitioner Otis E. Windham is currently incarcerated in the Wilkinson County Correctional Facility.[1] The Petitioner received a Rule Violation Report (RVR), No. 976259, on May 2, 2011 for being in possession of mobile phones and was found guilty after a disciplinary hearing conducted on May 4, 2011. As a result of the disciplinary hearing, the Petitioner lost his trusty status for 180 days, was placed in isolation for 10 days, and lost telephone and visitation privileges for 30 days. *See* Petition [1] at 1; RVR [12-1] at 5. The Petitioner unsuccessfully

---

[1] Respondent Jacquelyn Banks is the former warden of WCCF; Raymond Byrd now serves as the warden of WCCF. *See* http://www.mdoc.state.ms.us/Five%20Private%20Prisons.htm (last visited August 1, 2012).

appealed the RVR through the Administrative Remedy Program (ARP). *See* Response to Order [8]; Ex. A to Motion [12-1].

On October 17, 2011, the Petitioner filed the instant federal habeas corpus petition seeking the return of his 180 days of trusty time.[2] *See* Petition [1]; Response [8]. The Respondent moves to dismiss the petition based on the Petitioner's failure to state a claim, and, alternatively, for his failure to exhaust state remedies. The Petitioner did not respond to the Respondent's motion despite an Order [13] from the court to do so.

## DISCUSSION

The Petitioner's habeas corpus petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA and the case law interpreting it provide the standards for evaluating the petition. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003).

Exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The Petitioner has not appealed the ARP's decision with the appropriate circuit court or the Mississippi Supreme Court. Since the state did not have a fair opportunity to rule on this

---

[2] Petitioner also originally sought monetary damages, which are unavailable in a petition for habeas corpus. *See* Order [7].

claim, it is procedurally barred from review by this Court. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). To exhaust state remedies means to give state courts an opportunity to act on claims before taking the issue(s) to the federal level. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 842-43 (1999). Moreover, the claim is now barred from state court because the Petitioner failed to appeal the ARP's decision to the state court within the allowed thirty (30) days. When an issue is barred in state court, it is clear that it is also barred from federal review. *Coleman*, *supra*, at n.1. The Petitioner admits not having sought relief through the state courts. *See* Response to Order [6]. The Petitioner was given notice that he had thirty (30) days to appeal the decision and even signed said notice on September 9, 2011. *See* Response to Order Exhibit [6-1]. The Petitioner no longer has a means through which to exhaust his claims at the state level.

      The Court may dismiss a claim with prejudice when it is clear the Petitioner's claims are barred from both state and federal review. *Johnson v. Louisiana ex rel. Louisiana Dept. of Public Safety and Corrections, et al.*, 468 F.3d 278, 280-81 (5th Cir. 2006). It is responsible for the Court to dismiss with prejudice when "it is obvious that the unexhausted claim would be procedurally barred in state court . . . [to] forego the needless 'judicial ping-pong' . . ." *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (citing *Coleman*, *supra*, at n.1.).

      Even if the Petitioner's claim was neither unexhausted nor barred, it is likely without merit. There is no protected liberty interest in "trusty time." *Dukes v. Epps*, No. 2:11cv91-P-S, 2011 WL 4047335 at 2 (N.D. Miss. Sept. 12, 2011). The "decision whether to award earned time to offenders is left to the discretion of the prison officials, and therefore, the statute affords a prisoner no constitutionally recognized liberty interest." *Bradley v. Byrd*, No. 1:08cv1440HSO-JMR, 2009 WL 2606241 at 2 (S.D. Miss. Aug. 19, 2009).

CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Petitioner's petition for writ of *habeas corpus* [1] under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for the reasons stated above and those reasons stated in the Report and Recommendation by Magistrate Judge Parker on July 20, 2012. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** on this, the 2nd day of August, 2012.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE